IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SUSAN L. BALDWIN                                                                             PLAINTIFF

vs.                                     Civil No. 6:16-cv-06074

NANCY A. BERRYHILL                                                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Susan L. Baldwin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability application on February 11, 2013. (Tr. 12). In this application, Plaintiff alleges being disabled due to a number of impairments: chronic depression, syncopal episodes, severe fatigue, volatile hypertension, memory loss, severe headaches, anxiety, visual disturbances, arrhythmias, intermittent shortness of breath, suicidal ideation and attempts, herniated disc, fibromyalgia, and suppressed immune system. (Tr. 311). Plaintiff alleges an onset date of August 18, 2005. (Tr. 12). Her application was denied initially and again upon reconsideration. (Tr. 162-186).

1

Plaintiff requested an administrative hearing on her denied application. This request was granted, and Plaintiff's administrative hearing was held on November 13, 2014 in Hot Springs, Arkansas. (Tr. 32-75). At this hearing, Plaintiff was present and was represented by Mr. Poland[1]. *Id.* Plaintiff, Vocational Expert ("VE") David Ellmore, and a witness for Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-three (53) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). (Tr. 38). As for her education, Plaintiff testified she had vocational training as a licensed practical nurse ("LPN"). (Tr. 38-39).

On March 4, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-26). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2011. (Tr. 14, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of August 18, 2005 through her date last insured of December 31, 2011. (Tr. 14, Finding 2). The ALJ determined through her date last insured, Plaintiff had the following severe impairments: tachycardia/arrhythmia; Fibromyalgia; history of left shoulder impingement; history of syncopal episodes; depression; and anxiety. (Tr. 14, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

---

[1] Mr. Poland's first name is not included in the transcript.

the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is able to perform work with occasional stooping, crouching, crawling, kneeling, bending, balancing, and climbing of ramps/stairs, but no climbing of ladders, ropes, or scaffolds; no work around hazards, such as unprotected heights and moving machinery. Additionally, she is able to perform simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete, with no more than occasional contact with co-workers and supervisors, and no contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 24, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony and considering her RFC, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) production assembler (light, unskilled) with 6,000 such jobs in Arkansas and 180,000 such jobs in the nation; and (2) cleaner/housekeeper (light, unskilled) with 4,000 such jobs in Arkansas and 400,000 such jobs in the nation. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from August 18, 2005 (alleged onset date) through December 31, 2011 (date last insured). (Tr. 25, Finding 11).

Plaintiff sought review with the Appeals Council. On May 13, 2016, the Appeals Council denied her request for review. (Tr. 1-3). On July 18, 2016, Plaintiff filed a Complaint in her case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 11, 13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her appeal brief, Plaintiff claims the following: (A) the ALJ improperly determined her impairments did not meet the requirements of one of the Listings; and (B) the ALJ erred in assessing all of her severe impairments. ECF No. 11 at 1-19. Defendant has responded to Plaintiff's appeal brief and claims her case should be affirmed. ECF No. 13. The Court will consider both of these arguments.

**A.** **Listings**

Plaintiff claims her impairments meet the requirements of the Listings. ECF No. 11 at 3-16. Upon review of this argument, the only Listing Plaintiff specifically references is Listing 1.02(b) (major dysfunction of a joint (due to any cause)). ECF No. 11 at 6. Plaintiff has the burden of

demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden on this issue.

> Indeed, Listing 1.02(b) requires a demonstration of the following:
>
> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imagining of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> . . .
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

Here, Plaintiff has not demonstrated which "gross anatomical deformity" she has. Instead, in her briefing, Plaintiff only references her "ankle instability and stiffness" and her "chronic foot pain." ECF No. 11 at 6-7. However, once again, the Listings have *specific requirements* that must be met. Because Plaintiff has not demonstrated how her impairments meet these specific requirements, the Court simply cannot find Plaintiff has met this burden.

In her briefing, Plaintiff also references a number of other impairments that she claims are disabling and meet the requirements of the Listings. ECF No. 11 at 3-16. Plaintiff, however, again does not demonstrate how these impairments demonstrate she meets the *specific* requirements of the Listings. Without more, the Court cannot find Plaintiff has met her burden on this issue. Indeed, simply because Plaintiff suffers from a number of different impairments does not demonstrate she is disabled or that her impairments meet the requirements of the Listings.

### B. RFC Determination

Plaintiff claims the ALJ erred in finding she could perform other work considering her limitations. ECF No. 11 at 16-18. In making this argument, Plaintiff again references her impairments and generally claims those impairments cause her to be disabled. *Id.* She argues, "[t]his claim warrants remand for a proper consideration of Plaintiff's residual functional capacity based on the numerous impairments that were not addressed by the ALJ." *Id.*

In his opinion, however, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any *specific limitations* the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing her limitations. Again, without more, the Court cannot find the ALJ erred in assessing her RFC. As noted above, the mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of June 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE